Opinion issued May 14, 2009








 
 








In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-08-00387-CV
____________

MICHAEL McLANE, Appellant

V.

DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee




On Appeal from 309th District Court
Harris County, Texas
Trial Court Cause No. 2002-47785A




MEMORANDUM OPINION

               This is one of several proceedings filed by appellant, Michael McLane, in
this Court related to his July 2003 divorce from Sandra McLane, and the trial court’s
various decisions regarding child support and child custody for their son.
               In March 2008, the trial court held a status hearing in this case. The purpose
of the status hearing was to determine what pleadings were still pending before the
trial court. At the hearing, the trial court dismissed all of Michael’s motions to
modify the original custody order, finding that the motions had previously been
disposed of. After the court signed the order of dismissal, the trial court issued a
nunc pro tunc order which decreed that the only active motion in the case was the 
Department of Family and Protective Services’ motion to modify the custody order. 
                In the instant appeal, Michael challenges the trial court’s ruling, contending
that the dismissal of his pleadings was an abuse of discretion. Michael also urges this
court to find that the dismissal of his pleadings did not nullify a mediated settlement
agreement entered in this case. Finally, Michael asks this court to resolve the issue
of whether the mediated settlement can be the basis for an order after the child has
been in the custody of the Department for over one year. As shown below, we do not
have jurisdiction to hear any of these complaints in Michael’s appeal. 
JurisdictionGenerally, appeals may be taken only from final judgments that dispose of
all parties and claims. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). 
Temporary orders may be appealed only when expressly permitted by statute. See
e.g. Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 352 (Tex. 2001). The
Texas Family Code specifically precludes the interlocutory appeal of temporary
orders, except those appointing a receiver. See Tex. Fam. Code Ann. § 6.507
(Vernon 2006); see also Tex. Fam. Code Ann. § 105.001(e) (Vernon 2006) (stating
temporary orders in suits affecting the parent-child relationship are not subject to
interlocutory appeal).
               Here, the record reflects that there has been no final judgment disposing of
all parties and all pending claims in this case. Specifically, pursuant to the trial
court’s order, the Department’s motion to modify remains pending in this case. 
Furthermore, Michael’s complaints on appeal do not concern the appointment of a
receiver. Michael has not provided us with any authority, nor can we find any, that
permits the interlocutory appeal of the trial court’s orders in this case. Accordingly,
we dismiss this appeal for want of jurisdiction.

                                                             George C. Hanks, Jr.
                                                             Justice
 

Panel consists of Chief Justice Radack, and Justices Alcala and Hanks.